IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN MICROSYSTEMS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 08-504 (JJF) |
| ) | |
| VERSATA, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIMS**

Defendant, Versata, Inc. ("Versata"), hereby answers the Complaint of Plaintiff, Sun Microsystems, Inc. ("Sun"), as follows:

**THE PARTIES**

1. Versata admits, upon information and belief, that Sun is a Delaware corporation with its principal place of business in Santa Clara, California.

2. Versata admits that Defendant, Versata, Inc. is a corporation incorporated and existing under the laws of the State of Delaware. Further, Versata admits that Defendant, Versata, Inc. has its principal place of business in Austin, Texas.

**JURISDICTION**

3. Versata admits that this Court has subject matter jurisdiction over the asserted claims in Sun's Complaint arising under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**VENUE**

4. Versata admits that this Court has personal jurisdiction over Versata and that venue is proper in this district.

## COUNT ONE

5. The averments of paragraphs 1-4 are incorporated herein by reference.

6. Versata admits that Sun's claim is made pursuant to the provisions of the patent laws of the United States 35 U.S.C. §§ 271 *et seq.*

7. Versata admits that the title of U.S. Patent No. 5,727,203 ("the '203 patent") is "Method and Apparatus for Managing a Database in a Distributed Object Operating Environment Using Persistent and Transient Cache," and that the '203 patent indicates on its face that it issued on March 10, 1998. Versata admits that a copy of the '203 patent is attached as Exhibit A to Sun's Complaint. Versata denies each of the remaining allegations in Paragraph 7 of Sun's Complaint.

8. Versata denies the allegation of Paragraph 8 of Sun's Complaint.

9. Versata denies the allegations of Paragraph 9 of Sun's Complaint.

10. Versata denies the allegations of Paragraph 10 of Sun's Complaint.

## COUNT TWO

11. The averments of paragraphs 1-10 are incorporated herein by reference.

12. Versata admits that Sun's claim is made pursuant to the provisions of the patent laws of the United States 35 U.S.C. §§ 271 *et seq.*

13. Versata admits that the title of U.S. Patent No. 6,076,092 ("the '092 patent") is "System and Process for Providing Improved Database Interfacing Using Query Objects," and that the '092 patent indicates on its face that it issued on June 13, 2000. Versata admits that a copy of the '092 patent is attached as Exhibit B to Sun's Complaint. Versata denies each of the remaining allegations of Paragraph 13 of Sun's Complaint.

14. Versata denies the allegations of Paragraph 14 of Sun's Complaint.

15. Versata denies the allegations of Paragraph 15 of Sun's Complaint.

16. Versata denies the allegations of Paragraph 16 of Sun's Complaint.

## COUNT THREE

17. The averments of paragraphs 1-16 are incorporated herein by reference.

18. Versata admits that Sun's claim is made pursuant to the provisions of the patent laws of the United States 35 U.S.C. §§ 271 *et seq.*

19. Versata admits that the title of U.S. Patent No. 6,912,520 ("the '520 patent") is "System and Method for Providing a Persistent Object Framework for Managing Persistent Objects," and that the '520 patent indicates on its face that it issued on June 28, 2005. Versata admits that a copy of the '520 patent is attached as Exhibit C to Sun's Complaint. Versata denies each of the remaining allegations of Paragraph 19 of Sun's Complaint.

20. Versata denies the allegations of Paragraph 20 of Sun's Complaint.

21. Versata denies the allegations of Paragraph 21 of Sun's Complaint.

22. Versata denies the allegations of Paragraph 22 of Sun's Complaint.

## DEFENSES

### FIRST DEFENSE (FAILURE TO STATE A CLAIM)

23. Sun has failed, with respect to each and every count of the Complaint, to state a claim upon which relief may be granted.

### SECOND DEFENSE (NON-INFRINGEMENT)

24. Versata has not infringed, directly or indirectly, willfully or otherwise, any valid claim of the '203 patent, the '092 patent, and the '520 patent.

## THIRD DEFENSE (INVALIDITY)

25. Versata is informed and believes and thereupon alleges that each claim of the '203 patent, the '092 patent, and the '520 patent is invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE (EQUITABLE ESTOPPEL)

26. Sun is estopped by its misleading, deceptive, and unlawful conduct from asserting that Versata's products or methods infringe any valid claim of the '203 patent, the '092 patent, and the '520 patents.

## FIFTH DEFENSE (LACHES)

27. Sun's claims are barred or limited by the doctrine of laches.

## SIXTH DEFENSE (WAIVER)

28. Sun has waived all rights, if any, to enforce each of the '203 patent, the '092 patent, and the '520 patent against Versata's products.

## SEVENTH DEFENSE (LICENSE)

29. Upon information and belief, Sun freely licenses its "Java Database Connectivity (JDBC) API" software/source code to the industry, including Versata. *See*, e.g., Exhibit B (available at http://java.sun.com/javase/technologies/database/) and Exhibit C (available at http://developers.sun.com/license/berkeley_license.html), which are incorporated herein by reference.

30. Claim 2 of the '520 patent claims "said system of claim 1, wherein said application is a Java servlet."

31. To the extent that Sun's infringement claims under the '520 patent are based in whole or in part on Versata's use of Java then Versata has a license, as do Versata's customers.

4

## EIGHTH DEFENSE (UNCLEAN HANDS)

32. The averments of paragraphs 29-31 are incorporated herein by reference.

33. Sun's claims with respect to the '520 patent are barred by the doctrine of unclean hands, based upon Sun's conduct as detailed in paragraphs 29-31 above.

## NINTH DEFENSE (IMPLIED LICENSE)

34. The averments of paragraphs 29-31 are incorporated herein by reference.

35. Versata is informed and believes and thereupon alleges that, based upon Sun's conduct as detailed in paragraphs 29-31 above, Versata and/or Versata's customers have an implied license to practice the claims of the '520 patent.

## TENTH DEFENSE (PATENT EXHAUSTION)

36. The averments of paragraphs 29-31 are incorporated herein by reference.

37. Versata is informed and believes and thereupon alleges that, based upon Sun's conduct as detailed in paragraphs 29-31 above, Sun has exhausted its rights in the '520 patent by licensing Java to Versata.

## ELEVENTH DEFENSE (FAILURE TO MARK)

38. Versata is informed and believes and thereupon alleges that Sun is precluded from recovering, in whole or in part, the damages sought in Sun's Complaint, because of Sun's failure to mark and/or to require Sun's licensees to mark products that practice the '203 patent, the '092 patent, and the '520 patent, as required by 35 U.S.C. § 287.

## TWELFTH DEFENSE (LIMITATION ON DAMAGES AND COSTS)

39. Sun's claims for relief and prayer for damages and injunctions are barred in whole or in part by operation of the applicable statutes, including but not limited to the doctrine of

5

laches, and under 35 U.S.C. §§ 286 and 287.  Sun's recovery of costs is limited under 35 U.S.C. § 288.

### THIRTEENTH DEFENSE (RESERVATION OF ADDITIONAL DEFENSES)

40.     Discovery in this case has not been completed, and Versata continues to investigate the allegations set forth in Sun's Complaint and to ascertain the full extent of Sun's claims.  Versata intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to amend it Answer and assert such defenses.

### COUNTERCLAIMS

### THE PARTIES

1.      Versata, Inc. is a corporation incorporated and existing under the laws of the state of Delaware with its principal place of business at 6011 W. Courtyard, Austin, Texas 78730.

2.      On information and belief, Sun Microsystems, Inc. ("Sun") is a corporation existing under the laws of Delaware with a place of business at 4150 Network Circle, Santa Clara, California 95054.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Versata's counterclaims pursuant to 28 U.S.C. §§ 1331, 1337, 1338, 2201, and 2202.

4.      This Court has personal jurisdiction over Sun, at least because Sun filed its claim for patent infringement in this Court, in response to which these counterclaims are filed.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT ONE

### DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '203 PATENT

6.      Versata hereby incorporates by reference Paragraphs 1–5 of the Counterclaims as if fully set forth here.

7.      Sun alleges that it holds all right, title, and interest in and to the '203 patent.

8.      Sun has sued Versata for alleged infringement of the '203 patent.

9.      Versata has not infringed and is not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any valid claim of the '203 patent.

10.     Each claim of the '203 patent is invalid for failure to comply with the conditions for patentability set forth in the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

11.     Sun's claims for infringement of '203 patent are barred by, *inter alia*, equitable estoppel, waiver, and unclean hands.

12.     An actual controversy exists between Sun and Versata regarding whether the claims of the '203 patent are not infringed by Versata, are invalid, and/or are unenforceable.

13.     Versata seeks a declaration that the '203 patent is not infringed by Versata, is invalid, and/or is unenforceable.

## COUNT TWO

### DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '092 PATENT

14.     Versata hereby incorporates by reference Paragraphs 1–13 of the Counterclaims as if fully set forth here.

15.     Sun alleges that it holds all right, title, and interest in and to the '092 patent.

16. Sun has sued Versata for alleged infringement of the '092 patent.

17. Versata has not infringed and is not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any valid claim of the '092 patent.

18. Each claim of the '092 patent is invalid for failure to comply with the conditions for patentability set forth in the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. Sun's claims for infringement of '092 patent are barred by, *inter alia*, equitable estoppel, waiver, and unclean hands.

20. An actual controversy exists between Sun and Versata regarding whether the claims of the '092 patent are not infringed by Versata, are invalid, and/or are unenforceable.

21. Versata seeks a declaration that the '092 patent is not infringed by Versata, is invalid, and/or is unenforceable.

### COUNT THREE

#### DECLARATION OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY OF THE '520 PATENT

22. Versata hereby incorporates by reference Paragraphs 1–21 of the Counterclaims as if fully set forth here.

23. Sun alleges that it holds all right, title, and interest in and to the '520 patent.

24. Sun has sued Versata for alleged infringement of the '520 patent.

25. Versata has not infringed and is not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any valid claim of the '520 patent.

26. Each claim of the '520 patent is invalid for failure to comply with the conditions for patentability set forth in the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. Upon information and belief, Sun freely licenses its "Java Database Connectivity (JDBC) API" software/source code to the industry, including Versata. *See*, e.g., Exhibit B (available at http://java.sun.com/javase/technologies/database/) and Exhibit C (available at http://developers.sun.com/license/berkeley_license.html), which are incorporated herein by reference.

28. Claim 2 of the '520 patent claims "said system of claim 1, wherein said application is a Java servlet."

29. To the extent that Sun's infringement claims under the '520 patent are based in whole or in part on Versata's use of Java then Versata has a license, as do Versata's customers.

30. Sun's claims for infringement of '520 patent are barred by, *inter alia*, equitable estoppel, waiver, and unclean hands.

31. Versata is informed and believes and thereupon alleges that Sun has exhausted its rights in the '520 patent by licensing Java to Versata.

32. Versata and/or Versata's customers have an implied license to practice the claims of the '520 patent.

33. An actual controversy exists between Sun and Versata regarding whether the claims of the '520 patent are not infringed by Versata, are invalid, and/or are unenforceable.

34. Versata seeks a declaration that the '520 patent is not infringed by Versata, is invalid, and/or is unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, Versata, Inc., respectfully requests that this Court:

1. Dismiss the claims alleged in Sun's Complaint in their entirety with prejudice and deny Sun any relief whatsoever;

2. Enter judgment declaring that Versata is not and has not willfully or otherwise infringed, contributed to the infringement of, or induced the infringement of any claim of United States Patent Nos. 5,727,203; 6,076,092; and 6,912,520;

3. Enter judgment declaring all claims of United States Patent Nos. 5,727,203; 6,076,092; and 6,912,520 invalid;

4. Enter judgment declaring that Sun's claims for infringement of United States Patent Nos. 5,727,203; 6,076,092; and 6,912,520 are barred by, *inter alia*, equitable estoppel, waiver, and unclean hands.

5. Permanently enjoin Sun from enforcing, attempting to enforce, or threatening to enforce against Versata, or any customer or potential customer of Versata, any claim of United States Patent Nos. 5,727,203; 6,076,092; and 6,912,520;

6. Enter judgment declaring that Versata and/or Versata's customers are licensed or impliedly licensed to practice the claims of United States Patent No. 6,912,520;

7. Enter judgment declaring that Sun has exhausted its rights in United States Patent No. 6,912,520 by licensing Java to Versata;

8. Enter judgment declaring this case to be an exceptional case within the meaning of U.S.C. § 285 and award to Versata its reasonable attorneys' fees and expenses for defending this suit; and

9. Award Versata its costs and reasonable expenses and attorneys' fees in connection with this action; and

10. Award Versata such other and further relief, in law or in equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Versata demands a trial by jury as to all claims, defenses, and counterclaims so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Defendant Versata, Inc.*

OF COUNSEL:

Peter J. Ayers
James N. Willi
John B. Campbell
MCKOOL SMITH, P.C.
300 W. 6th St., Ste. 1700
Austin, TX 78701-3941
(512) 692-8700

October 24, 2008
2560362

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 24, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>William J. Wade
>Anne Shea Gaza

I also certify that copies were caused to be served on October 24, 2008 upon the following in the manner indicated:

| **BY HAND AND EMAIL** | **BY EMAIL** |
|---|---|
| William J. Wade<br>Anne Shea Gaza<br>Richards, Layton & Finger<br>920 N. King Street<br>Wilmington, DE  19899 | Darryl M. Woo<br>Charlene M. Morrow<br>Saina S. Shamilov<br>Salam Rafeedie<br>Fenwick & West LLP<br>801 California Street<br>Mountain View, CA  94041 |

>*/s/ Karen Jacobs Louden (#2881)*
>―――――――――――――――――――
>klouden@mnat.com